FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EFRAHIN H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:20-CV-03113-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney D. James Tree represents Efrahin H. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 20, 2016, alleging disability since June 7, 2016, due to a lower back injury. Tr. 72. The applications were denied initially and upon reconsideration. Tr. 117-24, 127-32. Administrative Law Judge (ALJ) Virginia Robinson held a hearing on May 9, 2018, which was postponed for Plaintiff to obtain a representative. Tr. 735-50. Judge Robinson held a second hearing on May 7, 2019, Tr. 31-69, and issued an unfavorable decision on July 19, 2019. Tr. 15-25. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on May 29, 2020. Tr. 1-5. The ALJ's July 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 23, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1992 and was 24 years old as of his alleged onset date. Tr. 23. He has a high school education and worked primarily in agriculture and warehousing. Tr. 351. He testified he initially hurt his back while stacking boxes and could not perform lighter work due to his need to lay down for many hours throughout the day to relieve pain. Tr. 40-44. He testified that he was too scared to undergo surgery at first, and tried more conservative treatments, but was planning on discussing surgery again due to a lack of relief. Tr. 41-42, 50-51.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# ADMINISTRATIVE FINDINGS

On July 19, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: spinal impairment(s) and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, except:

> His work tasks should allow him to sometimes alternate between sitting, standing, and walking. He can stand and/or walk a total of four hours in an eight-hour workday, during which he can sit for a total of six hours. He cannot climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. He should avoid concentrated exposure to vibration, extreme cold, and hazards.

Tr. 18.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a laborer or harvest worker. Tr. 23.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of cashier II, electrical assembler, and inspector/hand packager. Tr. 24.

///

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) not fully and fairly developing the record; (2) improperly rejecting medical opinions; and (3) not properly assessing Plaintiff's subjective testimony.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff alleges the ALJ improperly disregarded his subjective symptom reports. ECF No. 16 at 14-21.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

1         The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. The ALJ found Plaintiff's allegations to be incompatible with his minimal pursuit of treatment, evidence of improvement with conservative treatment, his activities, and his receipt of unemployment benefits. Tr. 19-22. The ALJ also found notes of exaggeration/malingering and evidence of secondary gain further undermined the reliability of Plaintiff's allegations. *Id.*

        Plaintiff argues the ALJ improperly found him to be a malingerer and improperly interpreted the record with respect to his treatment, activities, and pursuit of other benefits. ECF No. 16 at 14-21. Defendant argues that because there is affirmative evidence of malingering, the ALJ did not need to offer any other basis for discounting Plaintiff's subjective reports. ECF No. 17 at 2-5.

        The Court finds the ALJ did not err. A finding of malingering is sufficient to support an ALJ's rejection of a claimant's subjective reports. *See Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ noted PA-C David Fine's notes regarding "slight malingering" on multiple occasions. Tr. 20, 538, 566. Plaintiff argues these notes are insufficient to label Plaintiff a malingerer, as the evidence came only from a non-acceptable source to whom the ALJ assigned only minimal weight, and whose treatment notes contain significant objective evidence of impairment. ECF No. 16 at 10, 14. He argues malingering requires a deliberate attempt to deceive and the notes are insufficient to establish Plaintiff's motive. *Id.* at 14-15. Defendant asserts the case law does not require any particular level or severity of malingering or that the assessment come from an acceptable source, only that evidence of malingering be "affirmative." ECF No. 17 at 3. While Plaintiff offers an alternative explanation for the persuasiveness of the evidence, the ALJ's interpretation and finding of affirmative evidence of malingering is

supported by substantial evidence. She therefore offered legally sufficient rationale for disregarding Plaintiff's subjective complaints.

Alternatively, the Court finds the ALJ offered other clear and convincing reasons for finding Plaintiff's testimony to be unpersuasive. Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The record contains multiple notations of Plaintiff's failure to follow through with recommendations regarding physical therapy and referrals to an orthopedist. Tr. 537, 562, 566, 598, 637. While one note indicates he had transportation issues, it also indicates Plaintiff had not even called the referred provider's office yet. Tr. 566.

An ALJ may also consider the type and effectiveness of treatment received. Social Security Ruling 16-3p. While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ found Plaintiff's allegations of disabling limitations to be inconsistent with evidence of adequate management with minimal conservative treatment and largely normal physical exams. Tr. 21. The ALJ's interpretation of the record is reasonable.

**2. Opinion evidence**

Plaintiff alleges the ALJ erred by improperly disregarding the medical opinion evidence from Dr. Crank, Dr. Palasi, and PA-C Richmond. ECF No. 16 at 7-14.

*a. Dr. Jeremiah Crank and Dr. Myrna Palasi*

When an examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by providing "specific and legitimate reasons," based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out

a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Plaintiff presented to Dr. Crank in April 2016 for a DSHS physical exam and completion of disability paperwork. Tr. 446-55. Dr. Crank found Plaintiff had tenderness to palpation of his lower back and a positive straight leg raise bilaterally, with normal strength and sensation, and some reduction in range of motion. Tr. 449-50, 455. He completed the DSHS paperwork, stating Plaintiff had marked limitations in all physical movements due to lumbar radiculopathy/ herniated disc, and was limited to performing sedentary work. Tr. 447-48. A month later, Dr. Myrna Palasi reviewed Dr. Crank's report and Plaintiff's 2013 MRI, and concurred with Dr. Crank's diagnoses, but opined that due to chronic intractable pain, she would rate Plaintiff's impairment as level five (severe) and limit him to less than sedentary work. Tr. 578.

The ALJ gave these opinions minimal weight.[1] Tr. 22. She found the objective evidence did not support marked postural, environmental, and manipulative limits, noted treating source Mr. Fine expressly disagreed with Plaintiff's claim to disability, and the ALJ reiterated Plaintiff's failure to follow through with treatment recommendations and his pursuit of secondary gain, while indicating that his symptoms were adequately managed with minimal conservative treatment. Tr. 22.

Plaintiff argues the ALJ selectively read the record, ignoring evidence of other objective findings that are supportive of the DSHS opinions, gave undue

---

[1] The ALJ also addressed a statement from treating PA-C Fine in the same paragraph. Plaintiff has not challenged the ALJ's rejection of Mr. Fine's opinion.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

weight to the comments about malingering from Mr. Fine, and erred in finding Plaintiff disregarded treatment recommendations. ECF No. 16 at 8-11. He further asserts the ALJ's rationale only applied to Dr. Crank and Mr. Fine, and that the ALJ did not offer any explicit reasons for rejecting Dr. Palasi's opinion. *Id.* at 11-12. Defendant argues the ALJ offered sufficient reasons for disregarding both DSHS opinions, and reasonably found the opinions conflicted with the objective findings and evidence of Plaintiff's malingering, which Dr. Crank and Dr. Palasi were unaware of. ECF No. 17 at 5-7.

The Court finds the ALJ did not err. An ALJ may reasonably consider the consistency of an opinion with the rest of the record. 20 C.F.R. § 404.1527(c)(3). As noted by the ALJ, the record contains notations of normal findings and malingering that the sources were not aware of, as well as Plaintiff's failure to follow up with treatment recommendations. While Plaintiff points to some findings that are supportive of the opinions, the ALJ's interpretation is reasonable.

*b. PA-C Daniel Richmond*

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff's treating physician's assistant, Mr. Richmond, completed a DSHS physical functional evaluation noting persistent daily low back pain with left sided radiculopathy, resulting in marked limitations in all basic physical work activities. Tr. 651-52.

The ALJ gave minimal weight to Mr. Richmond's opinion, finding there was inadequate objective support for the assessed limits, indicating Mr. Richmond gave undue credence to Plaintiff's subjective reporting. Tr. 23. The ALJ further noted Mr. Richmond's contemporaneous treatment records stated Plaintiff was doing relatively well until a recent exacerbation, and other evidence indicated his condition was adequately managed by conservative treatment. *Id.*

Plaintiff argues the ALJ's discussion disregarded objective evidence that supported Mr. Richmond's opinion, and thus it was not overly reliant on Plaintiff's subjective reports. ECF No. 16 at 12-14. Plaintiff also argues his pain was not adequately managed, and he was only okay when he stayed within his activity limits. *Id.* at 14. Defendant argues the ALJ reasonably found the opinion conflicted with the longitudinal evidence and the contemporaneous records noting him to be doing relatively well. ECF No. 17 at 7-8.

The Court finds the ALJ did not err. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. §§ 416.927(c)(2)(4), 416.927(f). The ALJ reasonably interpreted the record in finding Mr. Richmond's opinion to be inconsistent with the contemporaneous treatment records noting Plaintiff's condition to be relatively well-controlled and manageable apart from a recent exacerbation and running out of his medication. Tr. 23, 641, 661.

### 3. Development of the record

Plaintiff argues the ALJ failed to fulfill her duty to develop the record when she did not obtain evidence of treatment with Dr. Chang, Plaintiff's orthopedic surgeon. ECF No. 16 at 4-7. Plaintiff asserts his hearing testimony along with records referencing referrals from Dr. Chang were sufficient to put the ALJ on notice that relevant records were missing. *Id.* He further argues that the omission was not harmless, as the ALJ partly discounted his testimony and other opinion evidence based on the lack of treatment, his failure to follow up with the orthopedist, and the lack of severe objective findings. *Id.* at 6.

Defendant argues the ALJ's duty to develop the record is only triggered when there is ambiguous evidence or the record is inadequate to allow for proper evaluation, and that Plaintiff must show a substantial likelihood of prejudice arising from the omitted evidence, which he has not done, as he has not submitted the missing records to the Court or the Appeals Council. ECF No. 17 at 8-9.

Defendant further argues any error in rejecting other evidence due to failure to follow up with the orthopedist was harmless as the ALJ offered independent rationale for the rejection of Plaintiff's subjective reports and the opinion evidence. *Id.*

The Court finds the ALJ did not err. The ALJ has an independent duty to make "every reasonable effort" to develop the record. 20 C.F.R. §§ 404.1512, 416.912. At the first hearing the ALJ discussed with Plaintiff where he had received treatment and he was unable to remember the names of providers or facilities, but he indicated he would figure them out. Tr. 742-47. At the second hearing, at which point Plaintiff was represented, there was a discussion about outstanding physical therapy records, but not missing records from Dr. Chang. Tr. 34-36. Plaintiff mentioned speaking to Dr. Chang about surgery again, but did not indicate he had recently received treatment with him. Tr. 50-51. Because the ALJ was not notified that there were further records missing, the Court finds the ALJ did not err in not seeking out additional records.

Furthermore, a plaintiff must show a "substantial likelihood of prejudice" arising from the allegedly omitted evidence, not just a "[m]ere probability." *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). While the record indicates Plaintiff was referred to physical therapy and pain management by Dr. Chang, Tr. 607, 676, there is no indication of any substantial treatment with Dr. Chang, and it appears his recommendation for surgery remained the same since his 2014 recommendation. Tr. 430, 440-41, 676. To the extent Plaintiff argues the ALJ erred in rejecting other opinion evidence and Plaintiff's subjective statements based on an incomplete record, the Court finds the ALJ offered sufficient other reasons for the rejections, rendering any error harmless at most.

///
///
///

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 30, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE